UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,

     Plaintiff,

v.                                    Case No. 3:21cv701-LC-HTC

W. CLEMMONS, et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward L. Baskin commenced this action by delivering to prison mail officials a handwritten *pro se* civil rights complaint seeking to assert claims under 42 U.S.C. § 1983.[1]  ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C).  For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On April 19, 2021, Plaintiff filed a handwritten, and largely illegible, civil rights complaint.  ECF Doc. 1.  Not only was Plaintiff's complaint not on this Court's required forms, but it was also unaccompanied by a completed motion to proceed *in*

---

[1] On or about the same day, Plaintiff filed at least eighteen (18) other lawsuits in this District.

*forma pauperis* or the $402.00 filing fee as required by Local Rule 5.3. *See* N.D. Fla. Loc. R. 5.3 ("A party who files . . . a civil case must *simultaneously* either pay any fee required . . . or move for leave to proceed *in forma pauperis*") (emphasis added). Thus, on April 23, 2021, the Court directed Plaintiff to file an amended complaint and to either pay the filing fee or submit a completed motion to proceed *in forma pauperis* within the required time. ECF Doc. 3.

Plaintiff, however, did not file an amended complaint on this Court's forms, nor did he pay the filing fee or file a completed motion to proceed *in forma pauperis.* Instead, Plaintiff filed two nonsensical motions, identical to one another, titled "motion to access courts without sale, denial or delay." ECF Docs. 4, 5. The Court denied both motions and extended Plaintiff's time to file a motion to proceed *in forma pauperis* or pay the filing fee. ECF Doc. 6.

Despite the extension, Plaintiff did not comply with the Court's orders. Thus, on June 9, 2021, the Court entered a show cause order, giving Plaintiff fourteen (14) days to show cause why the case should not be recommended for dismissal. ECF Doc. 7. Plaintiff has not responded to the show cause order and his time for doing so has expired. The Court also notes that Plaintiff has not filed a completed motion to proceed *in forma pauperis* or paid the filing fee in any of the over twenty-five (25) cases he filed in this District, other than one, *Baskin v. Guyton*, 3:21-cv-601MCR/HTC, which was incomplete.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2.    The clerk be directed to close the file.

Done at Pensacola, Florida, this 30th day of June, 2021.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.